IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOHN BERNARD COLLINS, et al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No.: WMN 02-CV-1857 |
| | * | |
| **THOMAS P. EVERETT, et al.** | * | |
| | * | |
| Defendants | * | |
| | * | |

************************************************************************

## JOINT MOTION TO AVERT DISMISSAL WITHOUT PREJUDICE

Plaintiffs, **John Bernard Collins and Susan A. Collins, His Wife, Individually and as Parents and Next Friends of John Brandon Collins and Jesse Matthew Collins,** by and through their attorneys, Joseph L. Johnson and the Law Offices of Peter G. Angelos, and Defendants, **Thomas P. Everett and Barbara A. Everett, Individually and t/a T.P. Trucking and T.P. Trucking, Inc.,** by and through their attorneys Inga Oesterle Drewniak and Ryan & Drewniak, P.A., and Counter-Defendant, **John Bernard Collins,** by and through his attorney, James P. O'Meara, file this Joint Motion to Avert Dismissal Without Prejudice and respectfully state as follows:

1. On June 25, 2003, this Honorable Court issued an Order which requests that the parties show good cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) and Local Rule 103.8.b.

2. The incident which forms the basis for this litigation occurred on July 16,

1999 on northbound Interstate 95 ("I-95") at or near Chesaco Avenue in Baltimore, Maryland. Plaintiffs' allege that a tire became negligently disengaged from the rear axle of a tractor-trailer owned by Defendants. As a result of the alleged disengagement, a vehicle operated by Plaintiff and Counter-Defendant, John Bernard Collins, was allegedly caused to drive over the tire, whereupon the Collins vehicle lost control and struck the left side of another tractor trailer also on northbound I-95.

3. This collision allegedly caused John and Jesse Collins, minors, to sustain traumatic brain injuries. Plaintiff and Counter-Defendant John Bernard Collins also claims that he sustained injuries as a result of this incident.

4. The parties to this matter are engaged in on-going settlement negotiations.

5. The parties have made good faith efforts to complete discovery in this matter, which is still ongoing as articulated below.

6. The minor Plaintiffs have apparently not achieved maximum medical improvement. This litigation was instituted on their behalf to protect and preserve the statute of limitations.

7. The minor Plaintiffs are undergoing evaluation for their traumatic brain injuries and have agreed to submit to an Independent Medical Evaluation ("IME") by Pediatric Neuropsychologist Gerard A. Gioia, Director of Neuropsychology at the Children's National Medical Center in Washington, D.C.

8. The IME which had been scheduled for May 16, 2003 could not proceed

due to the fact that additional comprehensive educational testing was ordered at Kennedy Krieger Institute by the minor Plaintiffs' treating physicians. The highly sophisticated educational testing performed at Kennedy Krieger Institute to ascertain the present cognitive status of the minor Plaintiffs compromised the intended IME testing as there exists a "learning curve" issue, whereby the validity of the IME would be compromised due to the minor Plaintiffs' familiarity with the test. A learning curve issue will be avoided by permitting a significant time gap between testing which assures the accuracy and integrity of the process and quality control of the testing itself. Accordingly, the retesting cannot viably and/or practicably occur prior to six (6) months from the Kennedy Krieger testing or until early October, 2003.

9. The issue of the minor Plaintiffs not reaching maximum medical improvement was previously articulated and discussed in the Motion to Extend Deadlines Under The Scheduling Order in which this Court granted an extension of the Scheduling Order for six months.

10. The parties jointly request that an Order of Reference to a United States Magistrate Judge for a Settlement/ADR Conference be issued to facilitate settlement negotiations and to promote judicial economy.

11. The parties assert that good faith efforts have been made to assist the progression of this on-going matter and a dismissal would cause great prejudice to all parties.

WHEREFORE, the parties respectfully request that this Court find that good cause has been shown and that this matter should not be dismissed without prejudice. The parties further respectfully request that this matter be referred to a United States Magistrate Judge for a Settlement/ADR Conference.

Respectfully submitted,

_____/s/_____ JLJ_____
Joseph L. Johnson, Esquire
Law Offices of Peter G. Angelos
A Professional Corporation
Court Towers, Suite 300
210 W. Pennsylvania Avenue
Towson, Maryland 21204
(410) 825-7300
***Attorneys for Plaintiffs***

_____/s/_____ IOD_____
Inga Oesterle Drewniak, Esquire
Ryan & Drewniak, P.A.
1997 Annapolis Exchange Parkway
Suite 420
Annapolis, Maryland 21401
(410) 841-2500
***Attorneys for Defendants***

_____/s/_____ JPO_____
James P. O'Meara, Esquire
Rollins, Smalkin, Richards & Mackie
401 N. Charles Street
Baltimore, Maryland 21201
(410) 727-2443
***Attorney for Counter-Defendant***